IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| CALVIN SCOTT, SR., * | |
| (BLIND VENDOR), * | |
| * | |
| Plaintiff, * | |
| * | CIVIL ACTION NO. |
| vs. * | 2:05-cv-00651-MHT-CSC |
| * | |
| JAMES (BUDDY) SWEARENGIN, JR., * | |
| * | |
| Defendant. * | |

## MOTION TO DISMISS

COMES NOW Defendant James (Buddy) Swearingen, Jr., by and through Alabama Attorney General Troy King, and moves this Honorable Court, pursuant to Rule 12(b) of the Federal Rules of Civil Procedure, to dismiss this action. In support of this motion, the Defendant states as follows:

1. The Plaintiff's complaint alleges causes of action that all arise from the Plaintiffs' participation in the Randolph-Sheppard Vending Facilities Program, which is a federal program administered by the Alabama Department of Rehabilitation Services.[1] See generally Georgia Dep't of Human Resources v. Nash, 915 F.2d 1482, 1483-84 (11th Cir. 1990) (describing the operation of the Randolph-Sheppard Program and its remedial provisions).

2. The Randolph-Sheppard Vending Facilities Program is governed by federal statute, 20 U.S.C. § 107, *et seq.*, which sets forth a specific dispute resolution system that conditions judicial review on a final agency action of the

---

[1] The Plaintiff has filed a lawsuit nearly identical to this one against the Alabama Department of Rehabilitation Services and its officials. That case is Scott v. Dennis, et al. (2:05-cv-00652-MEF-CSC). The Defendants in Dennis have recently filed a motion to dismiss (Doc. 8), on which Defendant Swearengin's motion in the present case is patterned.

United States Department of Education.  See generally Nash, 915 F.2d at 1483-84.  The Randolph-Sheppard Act provides:

> Any blind licensee who is dissatisfied with any action arising from the operation or administration of the vending facility program may submit to a State licensing agency a request for a full evidentiary hearing, which shall be provided by such agency in accordance with section 107b(6) of this title.  If such blind licensee is dissatisfied with any action taken or decision rendered as a result of such hearing, he may file a complaint with the Secretary (the Secretary of the United States Department of Education) who shall convene a panel to arbitrate the dispute pursuant to section 107d-2 of this title, and the decision of such panel shall be final and binding on the parties except as otherwise provided in this chapter.

20 U.S.C. § 107d-1(a).  The Act further provides:

> Upon receipt of a complaint filed under section 107d-1 of this title, the Secretary shall convene an ad hoc arbitration panel as provided in subsection (b) of this section.  Such panel shall, in accordance with the provisions of subchapter II of chapter 5 of Title 5, give notice, conduct a hearing, and render its decision which shall be subject to appeal and review as a final agency action for purposes of chapter 7 of such Title 5.

20 U.S.C. § 107d-2(a).

　　　3.　　The Plaintiff is not an employee of the State of Alabama.  Rather, the Plaintiff is a licensed blind vendor who services vending machines in the Gordon Persons Building, which is a part of the State of Alabama Capitol Complex and contains the offices of many state agencies.

　　　4.　　At all times relevant to the Plaintiff's claims in this case, Defendant Swearingen was employed with the Alabama Department of Finance as the building manager of the Gordon Persons Building.  In that capacity, Defendant Swearingen worked with the Plaintiff regarding the servicing of various vending machines located in the Gordon Persons Building.

5. Plaintiff's participation in the Randolph-Sheppard Program is through the Business Enterprise Program of the Alabama Department of Rehabilitation Services, which is the State Licensing Agency for the Randolph-Sheppard Program as designated by the Secretary of the United States Department of Education. All of Plaintiff's claims arise from his participation in the Randolph-Sheppard Program. The Defendant denies that he has violated any constitutional rights for equal employment access of the Plaintiff. The Plaintiff is a self-employed business person.

6. Plaintiff has not availed himself of the administrative remedies provided pursuant to the Business Enterprise Program's Administrative Code Rules and the Randolph-Sheppard Act by requesting an administrative review and full evidentiary hearing raising the same issues as are raised in his complaint presently before this court.

7. This court is without jurisdiction to decide this controversy "arising from the operation or administration of the [Randolph-Sheppard] vending facility program," 20 U.S.C. § 107d-1(a), because the Plaintiff has not exhausted his administrative remedies under the Act. This Court has previously held that a Plaintiff must have exhausted administrative remedies under the Randolph-Sheppard Act prior to the invocation of judicial review. Alabama Dep't of Rehabilitation Services v. United States Dep't of Veterans Affairs, 165 F. Supp. 1262, 1269 (M.D. Ala. 2001) (citing Committee of Blind Vendors of the District of Columbia, 28 F.3d 130 (D.C. Cir. 1994); Randolph-Sheppard Vendors of America

v. Weinberger, 695 F.2d 90 (D.C. Cir. 1986); and Fillinger v. Cleveland Society for the Blind, 587 F.2d 336 (6th Cir. 1978)).

8. The Plaintiff in this case must first exhaust his administrative remedies. If he is still "dissatisfied," he may then seek judicial review of the United States Department of Education's final agency action in a federal court as provided by law. However, due to the Plaintiff's present failure to exhaust the elaborate administrative remedies of the specific dispute resolution system set out in the Randolph-Sheppard Act, this court now lacks jurisdiction over the subject matter of the Plaintiff's complaint.

9. The Plaintiff has failed to state a claim upon which relief can be granted due to the absolute immunity afforded the Defendant under Article I, section 14 of the Constitution of Alabama of 1901. See generally Haley v. Barbour County, 885 So. 2d 783 (Ala. 2004).

10. The Plaintiff has failed to state a claim upon which relief can be granted due to the absolute immunity afforded pursuant to the Eleventh Amendment of the United States Constitution. See generally Bd. of Trustees of Univ. of Alabama v. Garrett, 531 U.S. 356, 121 S. Ct. 955 (2001).

11. The Plaintiff has failed to state a claim upon which relief can be granted due to the qualified immunity of the Defendant as a state official. See generally Harlow v. Fitzgerald, 457 U.S. 800, 102 S. Ct. 2727 (1982).

THEREFORE, the Defendant respectfully requests that this Honorable Court dismiss all the Plaintiff's claims in this case.

Respectfully submitted,

**/s/Scott L. Rouse**
SCOTT L. ROUSE (ROUSS6905)
Deputy Solicitor General
Assistant Attorney General

Office of the Attorney General
Constitutional Defense Division
11 South Union Street
Montgomery, Alabama  36130-0000
PH:  334-353-1356 (office)
FX:  334-353-8400 (fax)

## CERTIFICATE OF SERVICE

I do hereby certify that I have on this 15th day of August, 2005, electronically filed the foregoing with the Clerk of the Court using the CM/ECF system.  A copy of the foregoing motion has also been served on the *pro se* Plaintiff by mailing a copy to the following address:

Calvin Scott, Sr.
1416 Marler Road
Pike Road, Alabama 36064

**/s/Scott L. Rouse**
SCOTT L. ROUSE (ROUSS6905)
Deputy Solicitor General
Assistant Attorney General