IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
_____ DIVISION

RECEIVED

2005 AUG 17  A 10: 02

DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

|  |  |  |
|---|---|---|
| _____Calvin Scott, Sr._____ | ) |  |
| _____(Blind Vendor)_____ | ) |  |
| _____ | ) |  |
| Plaintiff (s), | ) |  |
|  | ) |  |
| v. | ) | CIVIL ACTION NO. |
|  | ) | 2:05-CV-00651-MHT-CSC |
| ___James Buddy Swearengin____ | ) |  |
| State of Alabama Dept. of Finance_____ | ) |  |
| _____ | ) |  |
| Defendant(s) | ) |  |

## AFFIDAVIT IN OPPOSITION TO MOTION TO DISMISS

1. **Plaintiff(s) address and telephone number**: _1416 Marler Rd_____
   _____Pike Road, Alabama 36064_
   _____(334) 272-2657_____

2. **Name and address of defendant(s):** James (Buddy) Swearengin, Jr._
   _____C/O Mr. Searcy Rushing_
   _____State of Alabama (Dept. of Finance)_
   _____425 South Union St._
   _____Montgomery, Alabama 36130_

3. **Place of alleged violation of civil rights:** _50 Monroe St_
   _____Gordon Person's Office Building_
   _____Montgomery, Alabama 36104_

4. **Date of alleged violation of civil rights:** _Jan. 31, 2005; Feb. 9th, 14th, 22nd 2005_

### AFFIDAVIT IN OPPOSITION TO MOTION TO DISMISS

_____

Calvin Scott, Sr., being duly sworn, deposes and says:

1. This case comes before this court after a thorough investigation and inquiry conducted by the United States Department of Civil Rights and supervised closely by the United States Department of Education and the United States Department of Labor in Washington, DC.  Please

see attached documents directly from both the United States Department of Civil Rights and the United States Department of Labor who then forwarded our complaint to the United States Department of Justice for additional investigation. The results of the investigations concluded that I could also file a private civil law suit against the defendant's under the Americans with Disabilities Act (ADA) Title 203.

However, I believe that this court should and eventually must exercise original jurisdiction over this case, because of the unusual nature and complexity of this case. This case is about lies, deception, intimidation, retaliation, corroboration, abuse of power, violations of oath of office, and Federal and State Tort laws clearly being broken.

2. The Defendant's Motion to Dismiss is purely an attempt to bypass the litigation process and take away my civil right for this case to be decided by a jury. We have all the evidence to clearly support our claims that the defendant committed the crimes as detailed in this lawsuit, therefore, he nor anyone else acting as an individual or as a state official should be allowed to go unpunished.

3. Furthermore, in statements #1, #2, #5, #6, #7, and #8 of the defendant's motion to dismiss they mention the specific dispute resolution system that was implemented by the US Department of Education. But the defendant's failed to mention that they all violated 20 U.S.C. § 107d-1(a) when they chose to remove me completely from the Business Enterprise Program by inventorying me out of the program on February 23, 2005 completely violating the very same laws they were sworn by oath to uphold. They also violated Alabama State Code 1975 §§ 21-1-40 and 21-9-9; 20 U. S. C. § 107 et. Seq. which specifically outline the process for dispute resolution for the State of Alabama. Simply stated, they fired/removed me from my job without following the state and federal laws. This is hypocritical to say the least as this places the defendant(s) in violation of the exact same laws they are accusing me of not adhering to.

4. It wasn't until after the defendant's removed/fired me from the Business Enterprise Program and they were contacted by the United States Department of Labor, United States Department of Education, the State of Alabama Bob Riley's office, and the Vice President of the United States Richard B. Cheney's office, that they then wanted to follow the dispute resolution process stated in 20 U.S.C. § 107d-1(a) and Alabama State Code 1975 §§ 21-1-40 and 21-9-9; 20 U. S. C. § 107 et. Seq. But during a period of nearly 30 days I was not allowed to work.

5. To continue, in statement #3 of the defendant's motion to dismiss they claim that my constitutional rights were not violated because I am not an employee of the State of Alabama. However, the Federal law clearly provides protection for equal access to work areas for blind and all handicapped workers.

6. In statement #4 of the defendant's motion to dismiss filing, this is an attempt to diminish the defendant's liability by stating that he only worked in the same building as me (the blind vendor) as simply a building manager. However, they fail to state the lies, deception, intimidation, retaliation, corroboration, abuse of power, violations of oath of office, and Federal and State Tort laws that were clearly broken by the defendant(s) to take away my job.

7. The State of Alabama must adhere to Federal laws designed to protect the handicapped in their place of employment. These Federal laws also pertain to any and all county and state run public buildings. Federal Law listed as Title I of the Americans with Disabilities Act (ADA) requires an employer with 15 or more employees to provide reasonable accommodation for individuals with disabilities, unless it would cause undue hardship. A reasonable accommodation is any change in the work environment or in the way a job is performed that enables a person with a disability to enjoy equal employment opportunities.

WHEREFORE, for all of the reasons set forth above:

1. The motion to dismiss this must be denied.

2. This court should take original jurisdiction over this case because of the unusual nature and complexity of this case.

3. This case should be heard and decided upon by a jury.

Sworn to before me this 17th
Day of August 2005

_Donna Walker._
NOTARY PUBLIC

Respectfully Submitted,

Calvin Scott, Sr.

___August 17, 2005_____
       Date

                              _Calvin Scott Sr._____
                              Plaintiff(s) Signature

                              __1416 Marler Rd_____
                              _Pike Road, Alabama 36064 _____
                              Address, City, State Zip Code

                              ___(334) 272-2657_____
                              Telephone Number

August 17 2005

## CERTIFICATE OF SERVICE

I hereby certify that on this day of August 17, 2005, a copy of this opposition to dismissal was mailed to council for defendants.

Signature
Calvin Scott, Sr.