

**UNITED STATES DEPARTMENT OF EDUCATION**
OFFICE FOR CIVIL RIGHTS
61 FORSYTH STREET, SW
SUITE 19T70
ATLANTA, GEORGIA 30303
TELEPHONE: (404) 562-6350

FAX: (404) 562-6455
TDD: (404) 562-6454

JUN 22 2005

Email: Atlanta_ocr@ed.gov

Mr. Calvin Scott, Sr.
1416 Marler Road
Pike Road, Alabama 36064

Dear Mr. Scott:

Re:   Complaint #04-05-3004

On February 7, 2005, the U. S. Department of Education (Department), Office for Civil Rights (OCR), received the above-referenced complaint filed against the Business Enterprise Program (BEP), a part of the Alabama Department of Rehabilitation Services (DRS), which alleged discrimination on the basis of disability. Specifically, you (complainant), a blind vendor, alleged that the DRS/BEP:

- Denied you the following accommodations to work in the Gordon Persons building (GPB): (1) access to one of your vending machines when you were not given a security swipe card; and (2) a handicapped parking space on the dock area of GPB;

- Denied you an administrative review when you complained about the denial of accommodations.

- Required you to replace your wife who acted as your driver/assistant, and by giving you only three days to replace her.

- Removed you as vendor from the GPB.

OCR is responsible for enforcing Section 504 of the Rehabilitation Act of 1973 (Section 504), as amended, 29 U.S.C. Section 794, and its implementing regulation, 34 C.F.R. Part 104, which prohibit discrimination on the basis of disability in any program or activity receiving Federal financial assistance; and Title II of the Americans with Disabilities Act of 1990 (Title II), 42 U.S.C. Sections 12131 et seq., and its implementing regulation, 28 C.F.R. Part 35, which prohibit discrimination on the basis of disability by a public entity. The DRS is a public entity and a recipient of Federal financial assistance, and, therefore, is subject to the provisions of Section 504 and Title II.

Mr. Calvin Scott
Page 2

During the course of the investigation, DRS and the complainant informed OCR that DRS had taken actions to resolve the complainant's allegations. OCR, therefore, will take no further action with respect to the allegations in this complaint and it is closing this complaint as of the date of this letter.

This letter of findings should not be construed as covering any other issues regarding compliance with Section 504 and Title II that may exist and are not addressed herein. Please note that under the Freedom of Information Act, it may be necessary to release this document and related correspondence and records upon request. If we receive such a request, we will seek to protect, to the extent possible, any unwarranted invasion of privacy. The complainant may file a private suit pursuant to section 203 of the Americans with Disabilities act, whether or not OCR finds a violation to Title II.

If you have any questions, please contact Ms. Debra Steadman, Equal Opportunity Specialist, at 404-562-6381, or me, at 404-562-6419.

Sincerely,

Doris V. Maye
Team Leader