IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| CALVIN SCOTT, SR., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 2:05cv651-T |
| ) | (WO) |
| JAMES (BUDDY) SWEARENGIN, JR., ) | |
| ) | |
| Defendants. ) | |

**ORDER**

Now pending before the court is defendant Swearengin's Motion to Dismiss (Doc. # 5) filed on August 15, 2005. In his complaint, the plaintiff alleges that his rights were violated when Swearengin failed to accommodate his handicap and denied him access to areas in his work place. All of the plaintiff's claims arise from his participation in the Randolph-Sheppard Vending Facilities Program, a federal program for blind vendors, administered by the Alabama Department of Rehabilitation Services. *See* 20 U.S.C. § 107, *et seq*.

Claims arising out of the Randolph-Sheppard program are governed by federal statute, which set forth a mandatory dispute resolution process. *See* 20 U.S.C. § 107d-1(a). Specifically, the Randolph-Sheppard Act allows "[a]ny blind licensee who is dissatisfied with any action arising from the operation or administration of the vending facility program to submit . . . a request for a full evidentiary hearing." 20 U.S.C. § 107d-1(a). If a blind vendor requests a hearing, the hearing is mandatory. If the blind vendor is then dissatisfied with the outcome of the hearing, he may file a complaint with the Secretary of the United

States Department of Education, who is required to initiate binding arbitration. 20 U.S.C. § 107d-1(a). Prior to invoking this court's jurisdiction, the plaintiff must exhaust these mandatory administrative remedies. *See Fillinger v. Cleveland Society for the Blind*, 587 F.2d 336 (6th Cir. 1978).

> Congress' decision to provide administrative and arbitration remedies for aggrieved blind vendors clearly evidences a policy judgment that federal courts should not be the tribunal of first resort for the resolution of such grievances. Rather congressional policy as reflected in the 1974 amendments is that blind vendors must exhaust their administrative and arbitration remedies before seeking review in the district courts.

*Id*. at 338. *See also Ala. Dep't of Rehabilitation Servs. v. United States Dep't of Veterans Affairs*, 165 F.Supp.2d 1262, 1269-70 (M.D. Ala. 2001).

The court heard oral argument on September 20, 2005 on whether the plaintiff has or should be given the opportunity to exhaust his administrative remedies. At oral argument, both parties acknowledged that although the plaintiff complained to several agencies, an evidentiary hearing had not yet been conducted, nor has mandatory arbitration occurred. Consequently, it appears that at this juncture, this court has no jurisdiction to over this matter. Accordingly, it is therefore ORDERED:

(1) That the Alabama Department of Rehabilitation Services shall schedule an evidentiary hearing on this matter to be held no later than **October 20, 2005**, and shall file a report informing this court of the outcome of the hearing no later than five (5) days after completion of the hearing;

(2) That the Plaintiff shall attend the hearing; and

(3) That all further proceedings in this case be and are hereby STAYED pending

further order of the court.

Done this 21st day of September, 2005.

          /s/Charles S. Coody
CHARLES S. COODY
CHIEF UNITED STATES MAGISTRATE JUDGE