1416 Marler Rd.
Pike Road, Al   36064
February 3, 2005

TO:  United States Department of Education Office for Civil Rights

I, Calvin Scott Sr., am a Blind Vendor with the Alabama State Rehabilitation Business Enterprise Program for the Blind in Montgomery, Alabama.  My facility is located at the Gordon Person's State Office Building, 50 Monroe Street, Montgomery, Alabama   36104.

Several months ago, I had problems getting to one of my snack machines because the area where the machine is located had been locked.  I phoned my representative, Ken Green, and told him about this problem.  Ken Green phoned me back and told me I would have to go to the building manager, James Swearengin Jr., to get a key.  I explained to Ken Green that I am the permanent vendor in the building and I should have a swipe key like all the other employees.  I also explained to Ken Green that with him being my representative, he should see that I have a swipe key.

A few days later, Ken Green phoned and told me that he had worked it out.  He, Ken Green, said I could get a permanent key and told me to go to Swearengin's office and pick up the key.  I went to Swearengin's office (the building manager) and was given a swipe key.  James Swearengin Jr. told me to keep up with the swipe key and not to loose it because it would cost me to replace it.

On January 27, 2005, the swipe key would not unlock the door.  On January 31, 2005, my assistant (my wife, Gladys Scott) told James Swearengin Jr. (the building manager) that the swipe key would not unlock the door on the fourth floor located on Monroe and Ripley Street.  James Swearengin Jr. told my wife that this key is for the vendor to pick up in his office and return it to his office when they (the vendor) are finished.

James Swearenger Jr. said to my wife (my assistant), "Who gave you this key?  Did Carol (Swearengin's secretary) give you this key?"  My wife answered, "No. You did and you told us to keep up with it and not to loose it because it cost."  James Swearengin Jr. said, "I don't recall giving you a key."  My wife responded, "Yes, you did and you told us to keep up with it, not to loose it, cause it cost to replace it."  My wife repeated to Swearengin, "Yes, you did."  James Swearengin told my wife, "Well, I changed my mind."  He said, "You don't work for the State; you all are self-employed." My wife said to James Swearengin Jr., "My husband, Calvin Scott Sr., works through the State Rehabilitation Business Enterprise Program for the Blind.  James Swearengin stated again, "I changed my mind." and then, he took the swipe key.

March 18, 2005

To:  Ms. Debra Steadman
     OCR
     #04-05-3004

From: Calvin Scott, Sr. (Blind Vendor)
      Alabama Dept. of Rehabilitative Services
      Business Enterprise Program

Re:  Withholding of Funds Earned


Dear Ms. Steadman:
I, Calvin Scott, Sr.(Blind Vendor), have always been on full service with the Coca Cola Bottling Company.

Today I learned why I have not received my regular Coke commission check from the Coca Cola Bottling Company. I was told by Mr. Pat Stephenson of the Coca Cola Bottling Company that Mr. Ray Dennis of the Business Enterprise Program phoned him and requested that they withhold my regular commission check. This request was made by Mr. Ray Dennis prior to my being fired/inventoried out of the Business Enterprise Program. This displays even more how eager Mr. Ray Dennis and the other conspirators were to ruin my career, cause hardship on my family, and publicly humiliate me and my assistant/wife Gladys Scott.

I was fired/inventoried out of the BEP program on February 23, 2005, but the Coke commission check was supposed to be paid directly to me up until Feb. 22, 2005. Ray Dennis and the BEP had no right to stop or place a hold on any of my hard earned monies prior to my being fired/inventoried out of the BEP program.

Furthermore, I have not had a pay from my business in the past two weeks because 18 of my 19 snack machines was empty when we were allowed to return to work. All of the money we retrieved when we returned to work was needed to restock all of the machines in an effort to get my business back in order.

I was told by Mr. Pat Stephenson that it will take at least two weeks before I can get my pay. You can contact Mr. Pat Stephenson at Coca Cola at 334-284-9555.

Sincerely,
Calvin Scott, Sr.   *Calvin Scott*
334-272-2657

March 18, 2005

To:   Ms. Debra Steadman
      OCR
      #04-05-3004

From: Calvin Scott, Sr. (Blind Vendor)
      Alabama Dept. of Rehabilitative Services
      Business Enterprise Program

Re:   Withholding of Funds Earned


Dear Ms. Steadman:

I, Calvin Scott, Sr.(Blind Vendor), have always been on full service with the Coca Cola Bottling Company.

Today I learned why I have not received my regular Coke commission check from the Coca Cola Bottling Company. I was told by Mr. Pat Stephenson of the Coca Cola Bottling Company that Mr. Ray Dennis of the Business Enterprise Program phoned him and requested that they withhold my regular commission check. This request was made by Mr. Ray Dennis prior to my being fired/inventoried out of the Business Enterprise Program. This displays even more how eager Mr. Ray Dennis and the other conspirators were to ruin my career, cause hardship on my family, and publicly humiliate me and my assistant/wife Gladys Scott.

I was fired/inventoried out of the BEP program on February 23, 2005, but the Coke commission check was supposed to be paid directly to me up until Feb. 22, 2005. Ray Dennis and the BEP had no right to stop or place a hold on any of my hard earned monies prior to my being fired/inventoried out of the BEP program.

Furthermore, I have not had a pay from my business in the past two weeks because 18 of my 19 snack machines was empty when we were allowed to return to work. All of the money we retrieved when we returned to work was needed to restock all of the machines in an effort to get my business back in order.

I was told by Mr. Pat Stephenson that it will take at least two weeks before I can get my pay. You can contact Mr. Pat Stephenson at Coca Cola at 334-284-9555.

Sincerely,
Calvin Scott, Sr.
334-272-2657



**UNITED STATES DEPARTMENT OF EDUCATION**
OFFICE FOR CIVIL RIGHTS
61 FORSYTH STREET, SW
SUITE 19T70
ATLANTA, GEORGIA 30303
TELEPHONE: (404) 562-6350

FAX: (404) 562-6455
TDD: (404) 562-6454

JUN 22 2005

Email: Atlanta_ocr@ed.gov

Mr. Steve Shivers
Commissioner
Alabama Department of Rehabilitation Services
2129 E. South Boulevard
Montgomery, Alabama 36111-0586

Dear Mr. Shivers:

Re:    Complaint #04-05-3004

On February 7, 2005, the U. S. Department of Education (Department), Office for Civil Rights (OCR), received the above-referenced complaint filed against the Business Enterprise Program (BEP), a part of the Alabama Department of Rehabilitation Services (DRS), which alleged discrimination on the basis of disability. Specifically, the complainant, Mr. Calvin Scott, Sr., who is a blind vendor, alleged that the DRS/BEP:

- Denied him the following accommodations to work in the Gordon Persons building (GPB): (1) access to one of his vending machines when he was not given a security swipe card; and (2) a handicapped parking space on the dock area of GPB;

- Denied him an administrative review when he complained about the denial of accommodations.

- Required him to replace his wife who acted as his driver/assistant, and by giving him only three days to replace her.

- Removed him as vendor from the GPB.

OCR is responsible for enforcing Section 504 of the Rehabilitation Act of 1973 (Section 504), as amended, 29 U.S.C. Section 794, and its implementing regulation, 34 C.F.R. Part 104, which prohibit discrimination on the basis of disability in any program or activity receiving Federal financial assistance; and Title II of the Americans with Disabilities Act of 1990 (Title II), 42 U.S.C. Sections 12131 et seq., and its implementing regulation, 28 C.F.R. Part 35, which prohibit discrimination on the basis of disability by a public entity. The DRS is a public entity and a recipient of Federal financial assistance, and, therefore, is subject to the provisions of Section 504 and Title II.

Mr. Steve Shivers
Page 2

During the course of the investigation, DRS and the complainant informed OCR that DRS had taken actions to resolve the complainant's allegations. OCR, therefore, will take no further action with respect to the allegations in this complaint and it is closing this complaint as of the date of this letter.

This letter of findings should not be construed as covering any other issues regarding compliance with Section 504 and Title II that may exist and are not addressed herein. Please note that under the Freedom of Information Act, it may be necessary to release this document and related correspondence and records upon request. If we receive such a request, we will seek to protect, to the extent possible, any unwarranted invasion of privacy. The complainant may file a private suit pursuant to section 203 of the Americans with Disabilities act, whether or not OCR finds a violation to Title II.

We wish to thank you and your staff for your cooperation in this matter. If you have any questions, please contact Ms. Debra Steadman, Equal Opportunity Specialist, at 404-562-6381 or me, at 404-562-6419.

Sincerely,

Doris V. Maye
Team Leader