# BEFORE THE ALABAMA DEPARTMENT
# OF REHABILITATION SERVICES

## IN RE:  THE MATTER OF CALVIN SCOTT

**A Full and Evidentiary Hearing Pursuant to the Randolph-**

**Sheppard Vending Act 20 U.S.C. 107, et seq.**

# VOLUME V

# [Exhibits 1 to 15]

## BEFORE THE ALABAMA DEPARTMENT
## OF REHABILITATION SERVICES

IN RE: THE MATTER OF CALVIN    *    A FULL EVIDENTIARY
SCOTT                     *    HEARING PURSUANT TO
                               *    THE RANDOLPH-SHEPPARD
                               *    VENDING ACT 20 U.S.C.
                               *    § 107, *et seq.*

## EXHIBITS

Exhibit 1:      Agreement for Operation of a Vending Facility

Exhibit 2:      February 7, 2005, letter from James (Buddy) Swearengin to Kenneth Green

Exhibit 3:      February 9, 2005, letter from Ray Dennis to Calvin Scott

Exhibit 4:      February 9, 2005, letter from Ray Dennis to James (Buddy) Swearengin

Exhibit 5:      February 14, 2005, letter from Calvin Scott to Ray Dennis

Exhibit 6:      February 14, 2005, letter from Ray Dennis to Calvin Scott

Exhibit 7:      February 15, 2005, letter from Calvin Scott to Ray Dennis

Exhibit 8:      February 22, 2005, letter from Ray Dennis to Calvin Scott

Exhibit 9:      February 25, 2005, letter from Manuel Russo to Calvin Scott

Exhibit 10:      February 28, 2005, letter from Searcy Rushing to Calvin Scott

Exhibit 11:      March 2, 2005, letter from Ray Dennis to Calvin Scott

Exhibit 12:      March 8, 2005, letter from Calvin Scott to Manuel Russo

Exhibit 13:      Timeline of Correspondence Regarding Calvin Scott

Exhibit 14:      FY 1999 through FY 2005 Sales and Net Profit – Gordon Persons Building

Exhibit 15:      United States District Court Complaint

# EXHIBIT 1

# AGREEMENT FOR OPERATION OF A VENDING FACILITY

## UNDER

## RANDOLPH-SHEPPARD ACT

## BETWEEN

## THE ALABAMA DEPARTMENT OF REHABILITATION SERVICES, BUSINESS ENTERPRISE PROGRAM, A STATE LICENSING AGENCY,

## AND

## CALVIN SCOTT_____, LICENSED BLIND MANAGER

This Agreement entered into this _20_ day of _July_, 19_98_, and between the Alabama Department of Rehabilitation Services, State Licensing Agency (hereinafter referred to as the Agency), and Calvin Scott_____ licensed to operate the vending facility by the Agency with this Agreement (hereinafter referred to as Manager).

WITNESSED:

WHEREAS, the Agency has been granted permission, a permit or a contract by Gordon Persons Building_____ for the operation of a vending facility by a licensed blind Manager under the Randolph-Sheppard Program (Business Enterprise Program for the Blind) on the _Private_____ Property or Properties located at 50 North Ripley Street, Montgomery, AL 36104_____

_____

a copy of which permit is attached hereto and made a part hereof; and

WHEREAS, the Manager has agreed to undertake the operation of the vending facility under the terms and conditions hereinafter set forth; and

WHEREAS, the parties do not intend to derogate in any way from responsibilities and rights imposed and granted by applicable Federal, State, or local laws of regulations of this Agreement;

NOW, THEREFORE, it is mutually agreed as follows:

1

REVISED 5/98

## A. THE AGENCY

1. The Agency will equip the vending facility for carrying out the business authorized by the permit.

2. The Agency will furnish initial stocks of merchandise and petty cash sufficient to enable the Manager to commence operating the business authorized by the permit. The Agency will also furnish the Manager with a complete inventory of all equipment, initial stocks, and petty cash provided.

3. The Agency will maintain, or cause to be maintained, the equipment at the vending facility in good repair, and will replace obsolete and worn out equipment as it deems necessary.

4. The Agency will interpret to the Manager any changes in the rules and regulations governing the vending facility program.

5. The Agency will audit, periodically, the accounts, records, and reports covering the operation of the enterprise and furnish copy of reports of the financial condition of the enterprise to the Manager.

6. The Agency will provide supervisory and management services necessary for the efficient operation of the vending facility.

## B. THE MANAGER

1. The Manager will be responsible for having the vending facility open for business on the days and during the hours specified and in accordance with Agency policy.

2. The Manager will operate the vending facility business on a cash basis unless given written authority by the Agency to make certain exceptions.

3. The Manager will be accountable to the Agency for the proceeds of the business of the vending facility, and will handle the proceeds, including payments to suppliers and deposits of funds, in accordance with instructions from the Agency or applicable regulations.

4. The Manager will carry on the business of the vending facility in compliance with applicable health laws and regulations. The Manager agrees to operate the facility and abide by Agency's regulations pertaining to the

2

Randolph-Sheppard program.

5. The Manager will maintain a neat business-like appearance while working at the vending facility, and will conduct the facility in an orderly, business-like manner.

6. The Manager will take proper care of the equipment of the vending facility, making minor adjustments, repairs, and preventive maintenance. In the event the Manager is unable to make the needed repair, this will be reported to the Agency. The Agency may authorize the Manager to secure the repair service on a local basis.

7. The Manager will notify the Agency a reasonable time in advance of taking any voluntary leave from the vending facility, and as soon as possible with respect to any involuntary leave.

8. The Manager will keep such records and make such reports as the Agency may require.

9. The Manager will retain all receipted invoices for review by the Agency.

10. The Manager will maintain at all times equipment, merchandise, and supplies or cash equivalent which shall be at least equal to the original investment of the Agency.

11. The manager will not operate an automobile or other motorized vehicle while on the property of any Grantor, while in transit to or from the BEP facility or during the execution of any duties associated with the management of the BEP facility.

C. GENERAL

1. The business to be carried on at the vending facility will be limited to that specified and authorized in the permit.

2. The right, title, and interest in and to the equipment of the vending facility and the merchandise placed by the Agency shall be and remain vested in the Agency, and will be left at the vending facility or turned over to the Agency on the termination of this agreement for any reason by either of the parties. Any surplus, if any, over and above the amounts owed the Agency will be paid to the Manager or the Manager's heirs or assignees.

3

3.  The Agency and the Manager will work together to provide for substitute operation of the vending facility as may be necessitated by the Manager's absence because of illness, vacation, or otherwise.  The salary of the person who substitutes for the Manager, or that of other emergency help, shall be paid from the proceeds of the vending facility where the service is performed.

4.  The monthly income of the vendor shall be the net profit of the business of the vending facility for the period in question, less the funds which must be set aside, as established in writing by the Agency pursuant to 34 CFR 395.9. The Manager will turn in or pay the set aside funds monthly when due in accordance with the established schedule.

5.  Rebates, commissions, or bonuses received by the Manager from suppliers are, and must be accounted for as, income of the vending facility.  Under no circumstances are such funds to be treated as the separate, personal funds of the Manager.

6.  Merchandise taken from the stock in trade of the vending facility by the vendor for his/her own use shall be accounted for by the Manager and paid for at cost prices.

7.  The Manager has the responsibility to complete and file tax and other returns as may be required by State or Federal laws.

8.  The business and premises of the vending facility shall be covered by public liability insurance, fire and theft insurance, and any such other insurance as will protect the Manager, anyone employed by the Manager, and the Agency. Insurance policies shall contain limits of insurance that provide up to $1,000,000 coverage for liability and medical expenses, product liability and any liability for completed operations, and up to $2,000,000 for all other injuries or damages against losses and claims arising out of the conduct of the business of the vending facility.  Any additional insurance required by the grantor, agency, permit or contract shall also be obtained by the manager.  The cost of such insurance shall be a cost of operating the business of the vending facility and taken into account as such in determining the net proceeds of the business.

9.  This Agreement may be terminated at any time by the Manager.  It shall be terminated upon the revocation or termination of the permit or contract.  In addition, it may be terminated by the Agency if the business of the vending

4

facility is not conducted in accordance with this Agreement, or with applicable Federal, State, or local laws and regulations.

_Ray Dennis_
Alabama Department of Rehabilitation Services

7-23-98
Date

_Calvin Scott by G.S._
Manager

7-20-98
Date

_[signature]_
Witness

7-20-98
Date

5

# EXHIBIT 2

# STATE OF ALABAMA
# DEPARTMENT OF FINANCE

### DIVISION OF SERVICES
Gordon Persons Building
50 North Ripley Street
Montgomery, Alabama 36130
Telephone (334) 242-8425
Fax (334) 353-3070

**BOB RILEY**
Governor

**JAMES ALLEN MAIN**
Director of Finance

**SEARCY M. RUSHING**
Chief of Services

**JAMES (BUDDY) SWEARENGIN**
Building Manager

Kenneth Green
Alabama Department of Rehabilitative Services
2127 East South Boulevard
Montgomery, Alabama  36116-2458

Mr. Green:

I have always enjoyed our conversations and your visits to the Gordon Persons Building. However, this letter will not be as pleasant as our usual conversations.

I am asking that the vendors supplying our snack machines be removed from our building.  The Scotts are high tempered, as well as unreasonable. . They don't attempt to work with Building Management , and have the attitude "it's their way, or no way at all."

There have been incidents where the Scotts have threatened to bring a gun and shoot personnel, and I have continuous complaints with them not refunding money from the machines.  I can supply names if needed, in this case.   The most recent incident where the Scotts refused to work with Building Management has prompted me to make this request.

The employees and visitors alike in the Gordon Persons Building deserve a safe and pleasant environment.   I do not feel as if this can be accomplished with the Scotts servicing this building.

I am asking that the Scotts be removed from this building within three (3) days of receipt of this letter.

I hope to continue to work with Rehabilitative Services in the future, and know that you have pleasant personnel working under your supervision.

If I can be of any help, please feel free to contact my office.

Sincerely,

James (Buddy) Swearengin
Plant Maintenance Supervisor

**RECEIVED**

FEB 0 7 2005

**BEP**

# EXHIBIT 3

Alabama Department of
# REHABILITATION SERVICES

February 9, 2005

**Bob Riley**
GOVERNOR



**Steve Shivers**
COMMISSIONER

Mr. Calvin Scott
1416 Marler Road
Pike Road, AL  36064

Dear Mr. Scott,

Please find enclosed a letter we received on February 7, 2005, from Mr. James (Buddy) Swearengin requesting your removal as blind vendor at the Gordon Persons Building.  Also, enclosed is a letter dated February 9, 2005, that outlines the changes required for your continued conditional employment at your vending facility.

Note these requirements are non-negotiable and represent actual changes that must occur as a condition of your continued employment.

➢ Mrs. Gladys Scott, your current employee, is no longer approved by our agency as an assistant/driver for you and must be replaced.
➢ You will retain a new assistant/driver that is approved by our agency.
➢ You and your employee will cooperate with building management and comply with all security protocols required to enter restricted areas.
➢ You will work with Mr. Ken Green, Business Enterprise Program Representative, to develop a more streamlined, efficient, and customer friendly mode of refunding lost money.

I am hopeful that you will initiate these changes immediately and continue vending services in a professional and successful manner.

Please advise your representative, Mr. Ken Green, as to your plans so that he may render his assistance, or schedule your exit inventory and replacement in a prompt manner.

Sincerely,

*Ray Dennis*

Ray Dennis, Director
Business Enterprise Program

Enc. 2

cc:  Mr. Joe Helm
     Perry Hopper
     Ken Green

*PROVIDING SERVICES TO ALABAMIANS WITH DISABILITIES*

P.O. Box 11586 ■ 2129 E. South Blvd. ■ Montgomery, AL 36111-0586 ■ 334-281-8780 ■ 1-800-441-7607
Fax: 334-613-2239 ■ www.rehab.state.al.us

# EXHIBIT 4



Alabama Department of
# REHABILITATION SERVICES



February 9, 2005

**Bob Riley**
GOVERNOR

**Steve Shivers**
COMMISSIONER

State of Alabama
Department of Finance
James (Buddy) Swearengin
Plant Maintenance Supervisor
Gordon Persons Building
50 North Ripley Street
Montgomery, AL  36130

Dear Mr. Swearengin:

Please accept this letter as our mutual understanding of the requirements of blind vendor, Mr. Calvin Scott, to continue as vending provider at the Gordon Persons Building.

➢ Mrs. Gladys Scott, current employee, is no longer approved by our agency as an assistant/driver for our blind vendor.
➢ Mr. Scott will retain a new assistant/driver approved by our agency.
➢ Mr. Scott and his employee will cooperate with building management and comply with all security protocols required to enter restricted areas.
➢ Mr. Scott will work with Mr. Ken Green, Business Enterprise Program Representative, to develop a more streamlined, efficient, and customer friendly mode of refunding lost money.

Mr. Swearengin, thank you for your recission of the request to remove Mr. Scott and your agreement to our plan for his conditional continued employment.  Additionally, your many years of support for our employment program for blind Alabamians is greatly appreciated.

Sincerely,

*Ray Dennis*

Ray Dennis, Director
Business Enterprise Program

cc:  Mr. Joe Helm
     Perry Hopper
     Ken Green

*PROVIDING SERVICES TO ALABAMIANS WITH DISABILITIES*
P.O. Box 11586 ■ 2129 E. South Blvd. ■ Montgomery, AL 36111-0586 ■ 334-281-8780 ■ 1-800-441-7607
Fax: 334-613-2239 ■ www.rehab.state.al.us

# EXHIBIT 5

February 14, 2005

*SENT VIA FACSIMILE & USPS*

Alabama Department of Rehabilitation Services
Attention: Mr. Ray Dennis
P.O. Box 11586
2129 E. South Blvd
Montgomery, Alabama 36111-0586
(334) 281-8780 office
(334) 613-2239 fax


Mr. Ray Dennis:

I received the letter you sent via Federal Express on Friday February 11, 2005. In this
letter you stated that the requests within your letter was non-negotiable and that they
represent actual changes that must occur as a condition of my continued employment
under the Business Enterprise Program.

However, you are totally incorrect and are out of compliance and in clear violation of
Alabama State Code 1975 §§ 21-1-40 and 21-9-9; 20 U. S. C. § 107 et. Seq. along with
the rules and regulations contained within the Blind Enterprise Program listed below:

**795-7-12-.01ER Review - General**
**795-7-12-.02ER Administrative Review**
**795-7-12-.03ER Conference with the Commissioner**
**795-7-12-.04ER Full Evidentiary Hearing**

You have not complied with any of the above State Rules, Laws, or Regulations and are
acting totally out of line and are not withholding your oath of office that you were sworn
to uphold. As acting Director of the Business Enterprise Program along with your other
representatives Kenneth Green and Perry Hopper are all supposed to be in a position of
providing assistance to blind and other handicapped vendors and not in the position of
choosing sides in times of disputes.

Point in case is the letter that you sent to me drafted by Plant Maintenance Supervisor
James (Buddy) Swearengin which contained false accusations, lies, and is just another
attempt by Mr. Swearengin to cause me to be put in a position where I can no longer
perform my work at the Gordon Person's office building located at 50 Monroe St in
Montgomery, Alabama 36104.

I have been a blind vendor in good standing in this program for the past 29 years and
have performed outstanding vendor services in the Gordon Person's State Office Building
for the past 9 years. My assistant Mrs. Gladys Scott; who is also my wife, has been my
guide and my eyes for more than 39 years now and she will continue to work along side
me in the Business Enterprise Program in the Gordon Person's building located at 50

Monroe St in Montgomery, Alabama 36104. Mr. Swearengin has disrespected me and my wife on numerous occasions most of which were brought to your attention but yet he has continued to be disrespectful and most uncooperative. Mr. Swearengin's unprofessionalism and disrespect will not be tolerated by myself or my wife/assistant, nor should it be tolerated by anyone else.

When I requested to be granted access to one of my work areas that now requires a special id badge I was given a badge but after a few months the badge stopped working. Evidently, the badge was a temporary badge but I was not told this when it was handed to me. Then when I inquired as to why it no longer worked I was rudely told that I was not a State of Alabama employee, that I was Self-Employed, and that I would not be given another badge.

As a handicapped and blind person in the United States this clearly violates Federal Law listed as Title I of the Americans with Disabilities Act (ADA) which requires an employer with 15 or more employees to provide reasonable accommodation for individuals with disabilities, unless it would cause undue hardship. A reasonable accommodation is any change in the work environment or in the way a job is performed that enables a person with a disability to enjoy equal employment opportunities.

My request for a simple card access badge is a valid and reasonable request and should not have caused Mr. Swearengin to become disrespectful, uncooperative, and to draft a letter full of lies and contempt. Mr. Swearengin's letter is clearly a retaliatory act that I was not given the smallest of opportunities to reply or defend since you, Kenneth Green, and Perry Hopper met secretly with Mr. Swearengin and agreed to the terms stated in your letter without my consent. Again, this act alone violates Alabama State Code 1975 §§ 21-1-40 and 21-9-9; 20 U. S. C. § 107 et. Seq.

To continue, I and my assistant/wife Gladys Scott have always performed professionally and have always and gladly refunded money to all customers who for whatever reason was not satisfied with the product they received from the vending machines or for any product that did not dispense after they inserted their payment. This again is another lie being told by Plant Maintenance Supervisor James (Buddy) Swearengin. Mr. Swearengin's accusation of me and my assistant/wife threatening to bring a gun and shoot personnel is outrageous and totally false! If Mr. Swearengin was so concerned with providing a safe and pleasant environment for employees and visitors, and that we were threatening to shoot personnel, then why wasn't the Police called to escort us off of the premises and why did he give me three(3) days to replace my wife. Such an act is considered an Act of Terrorism and is something that should be dealt with immediately by contacting the proper authorities.

But I can tell you why this was not done, it is because all of these accusations are lies, false, and are yet another attempt by Mr. Swearengin to remove me from providing vending services in the Gordon Person's building. Every time I and/or my assistant working on my behalf submit a request to Mr. Swearengin for assistance with issues that are preventing me from performing my job he gets upset that it is being brought to his

attention and feels that I should just be glad that I am working and go along with the good ole' boy program like everyone else and just go along with whatever decision(s) that were made no matter how much they inconvenience me a blind person or how much they hurt my business. This Mr. Dennis is not fair and is a violation of my civil rights.

Therefore, in compliance with Alabama State Code 1975 §§ 21-1-40 and 21-9-9; 20 U. S. C. § 107 et. Seq. which contains **795-7-12-.02ER Administrative Review;** I am requesting to be granted an Administrative Review with all of the involved parties, including Mr. Swearengin who is the individual making all of these false allegations.

In the meantime, I and my assistant/wife will continue to provide the best vending services in the industry at the Gordon Person's building located at 50 Monroe St in Montgomery, Alabama 36104 pending the outcome of the above requested hearing.

You may reach me at (334) 272-2657 via phone and/or fax at the same number.

I look forward to hearing from you soon with a date and time for this Administrative Review.

Thank you for your prompt attention to this matter.

Sincerely,

*Calvin Scott, Sr.*

Calvin Scott, Sr.
Blind BEP Vendor

Cc:     Joe Helm
        Perry Hopper
        Ken Green
        Russell Steve Shivers

# EXHIBIT 6





Alabama Department of
# REHABILITATION SERVICES

**Bob Riley**
GOVERNOR

**Steve Shivers**
COMMISSIONER

February 14, 2005

Mr. Calvin Scott
1416 Marler Road
Pike Road, AL 36064

Dear Mr. Scott,

Please accept this as my personal appeal to you not to continue to utilize your current employee, Mrs. Gladys Scott, at your job site and to comply with the requirements of my letter dated February 9, 2005.

You have initiated the grievance process in accordance with the General Rule and it is appropriate and prudent for you to do so. Let this process proceed before you violate the terms of my letter. I am convinced our program will have no option but to remove you from your location.

Please accept this not as a threat but in the spirit in which it is written. You have many years of successful work in the Business Enterprise Program, and I sincerely hope this will continue for many years to come. However, I am alarmed that you will jeopardize your career by refusing to make the changes outlined in my letter.

Please reconsider your decision and continue with the grievance process.

Sincerely,

Ray Dennis, Director
Business Enterprise Program

cc: Mr. Joe Helm
    Perry Hopper
    Ken Green
    Steve Simpson

*PROVIDING SERVICES TO ALABAMIANS WITH DISABILITIES*

P.O. Box 11586 ■ 2129 E. South Blvd. ■ Montgomery, AL 36111-0586 ■ 334-281-8780 ■ 1-800-441-7607
Fax: 334-613-2239 ■ www.rehab.state.al.us

# EXHIBIT 7

February 15, 2005

*SENT VIA FACSIMILE & USPS*

Alabama Department of Rehabilitation Services
Attention: Mr. Ray Dennis
P.O. Box 11586
2129 E. South Blvd
Montgomery, Alabama 36111-0586
(334) 281-8780 office
(334) 613-2239 fax


Mr. Ray Dennis:
I received the second set of letters you sent via Federal Express on today February 15, 2005.

For the second time, you are totally incorrect and are out of compliance and in clear violation of Alabama State Code 1975 §§ 21-1-40 and 21-9-9; 20 U. S. C. § 107 et. Seq. along with the rules and regulations contained within the Blind Enterprise Program listed below:

**795-7-12-.01ER Review – General**
**795-7-12-.02ER Administrative Review**
**795-7-12-.03ER Conference with the Commissioner**
**795-7-12-.04ER Full Evidentiary Hearing**

In the United States of America the law of the land is that we all are **INNOCENT** until **PROVEN** guilty, and not the opposite of what you are dictating to me.

You have not complied with any of the above State Rules, Laws, or Regulations and are acting totally out of line and are not withholding your oath of office that you were sworn to uphold. As acting Director of the Business Enterprise Program along with your other representatives Kenneth Green and Perry Hopper are all supposed to be in a position of providing assistance to blind and other handicapped vendors and not in the position of choosing sides in times of disputes.

The BEP Program Directors and Representatives that are supposed to represent the blind and the handicapped vendors have clearly chosen sides long before the grievance process ever began. There are State of Alabama records that show that the very man you are upholding and defending, James (Buddy) Swearengin; has been written up for misconduct and abuse of power while working onsite at the Gordon Person's office building where I work. But yet you continue to conspire with him in threatening my job. This will not go unnoticed and everyone involved will be prosecuted to the fullest extent that the law allows.

This will be the last opportunity for you and the rest of your conspirators to come out of the shadows and stand face to face with me to resolve this issue before this is handed over to my attorney for legal action since you still did not set a date and time for my Administrative Review. Maybe you didn't set the date for this review because you have already decided it is simply a waste of time since your previous letter stated that you are already convinced that you will have no choice but to remove me from my location at the Gordon Person's building.

In closing, I am not alarmed nor am I surprised at your decisions since you all have been after my position at the Gordon Person's building for over 9 years now.  You may think that you have ceased the right moment at the right time to finally succeed but as sure as there is a GOD in heaven you and your conspirators will not be victorious since GOD will have the last word on this issue.


Sincerely,

Calvin Scott, Sr.
Calvin Scott, Sr.
Blind BEP Vendor

Cc:    Joe Helm
       Perry Hopper
       Ken Green
       Russell Steve Shivers

# EXHIBIT 8



Alabama Department of
# REHABILITATION SERVICES



**Bob Riley**
GOVERNOR

February 22, 2005

**Steve Shivers**
COMMISSIONER

Mr. Calvin Scott
1416 Marler Road
Pike Road, AL  36064

Dear Mr. Scott:

The intent of this letter is to advise you of your removal from Facility #562 at the Gordon Persons Building.  The exit inventory will take place on Thursday, February 24th at 10:00 a.m.  I strongly encourage you or your designee to participate, however, should you choose not to participate the inventory will be conducted as scheduled.

On February 9, 2005 you were advised of the changes required for your continued conditional employment at Facility #562.  Your program representative, Kenneth Green, has informed us in writing "that they (Calvin and Gladys Scott) stated that Calvin would not do it with anyone other than Gladys."  You also stated to Mr. Green "that you had not hired anyone to do so" (service the machines).

Your failure to comply with the requirements of the BEP General Rules, Agreement to Operate a Vending Facility and the terms of my letter of February 9, 2005 have left me with no option but to replace you.

From all appearances the approximately 20 snack machines you are responsible for have not been serviced since February 11, 2005.  This inaction on your part is tanamount to abandonment of your facility and will not be tolerated.  Your recent dereliction of duty has cast the program in a most unfavorable light.  Additionally, your customers are not receiving the service they desire and deserve.

Sincerely

*Ray Dennis*

Ray Dennis, Director
Business Enterprise Program

*PROVIDING SERVICES TO ALABAMIANS WITH DISABILITIES*

P.O. Box 11586 ■ 2129 E. South Blvd. ■ Montgomery, AL 36111-0586 ■ 334-281-8780 ■ 1-800-441-7607
Fax: 334-613-2239 ■ www.rehab.state.al.us

# EXHIBIT 9



Alabama Department of
# REHABILITATION SERVICES



**Bob Riley**
GOVERNOR

**Steve Shivers**
COMMISSIONER

February 25, 2005

Mr. Calvin Scott
1416 Marler Road
Pike Road, Alabama 36064

Dear Mr. Scott:

I am in receipt of your request for an administrative review. Your review has been scheduled for Thursday, March 10, 2005, at 8:30 a.m. The review will take place at the Alabama Department of Rehabilitation Services state office located at 2129 East South Boulevard, Montgomery.

If you have any questions, you may call me at the Mobile rehabilitation office at 800-671-6842.

Sincerely,

*Manuel Russo*

**Manuel Russo, Supervisor**
**Department of Rehabilitation Services**

st

*PROVIDING SERVICES TO ALABAMIANS WITH DISABILITIES*

2419 Gordon Smith Drive ■ Mobile, AL 36617-2395 ■ 251-479-8611 ■ 1-800-671-6842
■ Fax: 251-476-2197 ■ www.rehab.state.al.us

# EXHIBIT 10



STATE OF ALABAMA

# DEPARTMENT OF FINANCE

### DIVISION OF SERVICES
425 South Union Street
Montgomery, Alabama 36130
Telephone (334) 242-4775
Fax (334) 240-3402

**BOB RILEY**
Governor

**JAMES ALLEN MAIN**
Director of Finance

**SEARCY M. RUSHING**
Chief of Services

February 28, 2005

Mr. Calvin Scott, Sr.
1416 Marler Road
Pike Road, AL 36064

Dear Mr. Scott:

Reference is made to the February 25, 2005, meeting in which we discussed working together with Gordon Persons Building management and staff in the carrying out of your vendor responsibilities.

This letter will acknowledge that the meeting was cordial, informative and very productive. The meeting yielded the following results:

- The return of your assistant/wife to the GPB.
- A path toward clear and open dialog between GPB Management, BEP Vendor and BEP Vendor Representative.
- Redefined parking location.
- The relocation of cafeteria snack machine.
- Working to secure access card to vending machines located in secured areas.

This office has exhibited actions that have served to satisfy those issues raised in correspondence and meetings. Now, you and your assistant are able to continue in your service to the State of Alabama.

Thank you for the service you are providing.

Sincerely,

Searcy Rushing
Chief of Services

cc:    Mr. Andrew Hornsby
       Honorable Thad McClammy
       Mr. Ray Dennis
       Mr. Perry Hopper
       Mr. James (Buddy) Swearengin

# EXHIBIT 11



Alabama Department of
# REHABILITATION SERVICES



**Steve Shivers**
COMMISSIONER

**Bob Riley**
GOVERNOR

March 2, 2005



Calvin Scott
1416 Marler Road
Pike Road, AL 36062

Mr. Scott:

Mrs. Gladys Scott is approved by the Business Enterprise Program to serve as your driver/assistant at your vending facility housed in the Gordon Persons Building.

Please initiate service today.

Sincerely,

Ray Dennis, Director
Business Enterprise Program

---

*PROVIDING SERVICES TO ALABAMIANS WITH DISABILITIES*

P.O. Box 11586 ■ 2129 E. South Blvd. ■ Montgomery, AL 36111-0586 ■ 334-281-8780 ■ 1-800-441-7607
Fax: 334-613-2239 ■ www.rehab.state.al.us

# EXHIBIT 12

March 8, 2005

March 8, 2005

VRS District Office – Mobile

Attention: Manuel R. Russo

2419 Gordon Smith Drive

Mobile, AL 36617-2395

Re:    Administrative Hearing – Cancellation

Dear Mr. Manuel R. Russo:

I requested to be granted an Administrative Hearing on Feb. 14, 2005 per the Alabama State Code and the BEP Rules and Regulations below:

    795-7-12-.01ER Review – General
    795-7-12-.02ER Administrative Review
    795-7-12-.03ER Conference with the Commissioner
    795-7-12-.04ER Full Evidentiary Hearing

However, I was not granted the Administrative Review prior to my termination from the Business Enterprise Program (BEP) on Feb. 23, 2004.

My termination from the BEP prior to my Administrative Review is a clear violation of the above BEP rules and regulations supported by Alabama State Code 1975 §§ 21-1-40 and 21-9-9; 20 U. S. C. § 107 et. Seq.

The Alabama Department of Rehabilitative Services (ADRS) staff in Montgomery; which includes Ray Dennis, Perry Hopper, and Ken Green; fully supported the libel, slander, and defamation of character that was committed against me and my wife/assistant (Mrs. Gladys Scott), and treated us with the worst levels of disrespect and humiliation I have ever endured in my life.

They also failed to support and uphold the Federal laws Title I, II, & 504 of the Americans With Disabilities Act. ADRS should have been my greatest advocate, but they all turned out to be my worst and greatest adversaries.

Therefore, I respectfully will not be attending this Administrative Hearing that is scheduled for March 10, 2005.

Thank you.

Sincerely,

*Calvin Scott, Sr.*
Calvin Scott, Sr.

Cc     Ray Dennis

● Page 2

# EXHIBIT 13

**TO:**     Mr. Steve Shivers

**RE:**     Documental Evaluation of Grantors Demand for Removal of Vendor

**FROM:**   Ray Dennis and Perry Hopper

## TIMELINE OF CORRESPONDENCE REGARDING CALVIN SCOTT

| | |
|---|---|
| 2/7/05 | Letter received requesting the removal of Blind Vendor, Calvin Scott, and his assistant/wife, Gladys Scott from Building Manager, James "Buddy" Swearengin. |
| 2/9/05 | Ray Dennis and Perry Hopper meet with Mr. Swearengin and reach agreement for vendor Scott to retain his job. |
| 2/9/05 | Terms of requirements/changes for Mr. Scott to continue as vendor communicated in writing to Mr. Swearengin. |
| 2/9/05 | Terms of requirements/changes for vendor to retain his job communicated in writing to Mr. Scott. |
| 2/9/05 | Ken Green and Perry Hopper talk to Scotts by phone and explain requirements/changes for vendor to retain his job. |
| 2/10/05 | Call received from Debby McBride from Congressman Mike Rogers's office by Perry Hopper. |
| 2/11/05 | Fax with letter to Congressman Rogers from Calvin Scott received by BEP office. |
| 2/11/05 | Correspondence with cover sheet explanation by FedEx to Debby McBride with Congressman Rogers Office. |
| 2/14/05 | Fax of letter to Ray Dennis received by BEP office. |
| 2/14/05 | Letter of appeal to "save" his assigned facility sent FedEx to Mr. Scott. |
| 2/14-2/17 | Low product levels indicate that no service has occurred this week (photo documentation available). |

Attachments

02/17/2005

❖ At 10:00 AM on 2/22/2005 I called Calvin Scott trying to find out the situation concerning the servicing of the vending machines at the Gordon Person Building.

❖ I reached the answering machine and left a message inquiring to the present situation of Calvin servicing his machines. I stated that I had been told that someone was now servicing his machines as of Friday.

❖ At 10:15a.m. I got a reply from Calvin and Gladys and was told that no one had permission to be in their machines and they had not hired anyone to do so.

❖ I told Calvin that it was most likely a false report and someone had mistaken someone pushing a mail dolly for a snack vendor.

❖ They requested they (the 2 of them) be allowed into the building to remove the money from their machines.

❖ They stated that Calvin would not do it with anyone other than Gladys.

❖ I advised them that I would forward the request to Ray and Perry.

# EXHIBIT 14

**FY 1999-2005**

| | SALES | NET PROFIT |
|---|---|---|
| *FY 1999 | $ 63,318.85 | $26,627.79 |
| FY 2000 | $ 60,856.72 | $25,869.52 |
| FY 2001 | $ 68,068.78 | $27,778.50 |
| **FY 2002 | $125,846.98 | $52,904.34 |
| FY 2003 | $123,172.14 | $51,089.42 |
| FY 2004 | $117,621.18 | $50,082.84 |
| *** FY 2005 | $100,058.85 | $45,725.97 |

*FLOORS 4-6 - GORDON PERSONS BUILDING
**ALL 6 FLOORS OF GORDON PERSONS BUILDING -   CONSOLIDATED
EFFECTIVE AUGUST 2001
***10 MONTHS

# EXHIBIT 15

AO 440  (Rev. 8/01) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

MIDDLE                    District of                    ALABAMA

CALVIN SCOTT, SR.
(BLIND VENDOR)

V.                                    **SUMMONS IN A CIVIL ACTION**

KEN GREEN
State of Alabama Dept of Rehabilitative Services

CASE NUMBER: 2:05 cv 652-F

TO: (Name and address of Defendant)

Ken Green
C/O Ray Dennis
State of Alabama
Dept. of Rehabilitative Services
2129 East South Blvd.
Montgomery, Alabama 36111-0586

**YOU ARE HEREBY SUMMONED** and required to serve on PLAINTIFF'S ATTORNEY (name and address)

Calvin Scott, Sr.
1416 Marler Road
Pike Road, Alabama 36064
(334) 272-2657

an answer to the complaint which is served on you with this summons, within _____ 20 _____ days after service of this summons on you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. Any answer that you serve on the parties to this action must be filed with the Clerk of this Court within a reasonable period of time after service.

Debra P. Hackett                                    7-18-05

CLERK                                          DATE

(By) DEPUTY CLERK

AO 440 (Rev. 8/01) Summons in a Civil Action

## RETURN OF SERVICE

| | DATE |
|---|---|
| Service of the Summons and complaint was made by me[1] | |
| NAME OF SERVER *(PRINT)* | TITLE |

*Check one box below to indicate appropriate method of service*

☐ Served personally upon the defendant. Place where served:

☐ Left copies thereof at the defendant's dwelling house or usual place of abode with a person of suitable age and discretion then residing therein.

    Name of person with whom the summons and complaint were left:

☐ Returned unexecuted:

☐ Other (specify):

## STATEMENT OF SERVICE FEES

| TRAVEL | SERVICES | TOTAL $0.00 |
|---|---|---|

## DECLARATION OF SERVER

    I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Return of Service and Statement of Service Fees is true and correct.

Executed on _____    _____
               Date    *Signature of Server*

                                 _____
                                 *Address of Server*

(1) As to who may serve a summons see Rule 4 of the Federal Rules of Civil Procedure.

**IN THE UNITED STATES DISTRICT COURT** RECEIVED
**FOR THE MIDDLE DISTRICT OF ALABAMA**
_____ Northern _____ DIVISION    2005 JUL 14 P 2: 43

DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

_____Calvin Scott, Sr._____  )
_____(Blind Vendor)_____  )
_____  )
_____Plaintiff (s),_____  )
                                   )
v.                                 )    CIVIL ACTION NO. 2:05cv652-f
                                   )
___Ray Dennis, Perry Hopper, Ken Green___  )
_State of Alabama Dept. of Rehabilitation Services_  )
_Business Enterprise Program_____  )
_____Defendant(s)_____  )

## COMPLAINT

1.  **Plaintiff(s) address and telephone number:** _1416 Marler Rd_____
    _____ Pike Road, Alabama 36064_
    _____ (334) 272-2657_____

2.  **Name and address of defendant(s):** _Ray Dennis, Perry Hopper, Ken Green._
    _____ C/O Ray Dennis_____
    _____ Alabama Dept. of Rehabilitation Services(ADRS)_
    _____ 2129 East South Blvd_____
    _____ Montgomery, Alabama 36111-0586_

3.  **Place of alleged violation of civil rights:** _50 Monroe St____
    _____ Gordon Person's Office Building_
    _____ Montgomery, Alabama 36104_

4.  **Date of alleged violation of civil rights:** _Jan. 31, 2005; Feb. 9th, 14th, 22nd 2005_


**State the facts on which you base your allegation that your constitutional rights have been violated:**
_On the dates listed, the above defendant(s) violated my constitutional rights for equal employment access when they denied me the same access as all other non-handicapped workers to my assigned work area(s), denied me reasonable accommodations as I requested per both state and federal ADA Title I, II, and 504 laws. Then the defendant(s) conspired/corroborated with others defame my character, ruin my good reputation, and take away my right for equal employment and my ability to be self sufficient to provide for myself and my family. Their corroborated actions of defamation of character, slander, libel, intimidation, harassment, threats to my livelihood, and their rush to judgement immediately cost me my job. With me being elderly and totally blind their actions caused me to be emotionally damaged and distressed to say the least. They also violated Alabama State Codes listed in §§ 21-1-40 and 21-9-9; 20 U. S. C. § 107 et. Seq and 795-7-12-.01, 795-7-12-.02, 795-7-12-.03, and 795-7-12-.04 as listed in the State of Alabama Business Enterprise Program._

5.   **Relief requested:**   I am asking the court to award me a total monetary judgement of $1,000,000.00 (one million dollars) in punitive damages and imprisonment for the defendant(s) in the county jail, or sentenced to hard labor for the county, not exceeding six months, one or both, at the discretion of the jury per Alabama State Code §13-6-203, and that the defendants pay all court costs associated with this suit. I am also requesting for the defendants to asked to resign from their appointed offices for their breach of oath of office. The Directors and officers of ADRS are supposed to be advocates for the Blind and Handicapped, but these defendants are the State of Alabama Handicapped Citizens greatest adversaries.

_December 14, 2005_
Date

_Calvin Scott Sr_
Plaintiff(s) Signature

__1416 Marler Rd_____
_Pike Road, Alabama 36064 _____
Address, City, State Zip Code

___(334) 272-2657_____
Telephone Number