IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| CALVIN SCOTT, SR., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO.  2:05cv651-WKW |
| ) | |
| JAMES (BUDDY) SWEARENGIN, JR., ) | |
| ) | |
| Defendants. ) | |
| _____ | |
| CALVIN SCOTT, SR., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO.  2:05cv652-WKW |
| ) | |
| RAY DENNIS, *et al.*, ) | |
| ) | |
| Defendants. ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

Now pending before the court are the defendants' motions to dismiss in both actions. (Docs. # 5 & 8).  In his complaint, the plaintiff alleges that his rights were violated when the defendants failed to accommodate his handicap and denied him access to areas in his work place. Specifically, the plaintiff complains that he was not provided a permanent "swipe key" for entry into a locked area; he was not provided a designated parking space; and the defendants would not relocate a vending machine for him.[1]  He alleges that the defendants's actions are violative

---

[1] Although he names different defendants, a review of the complaints demonstrate that the plaintiff is complaining about the same events in both actions.  *See* Compls., Docs. # 1. The plaintiff lists the same dates, January 31, 2005, February 9, 14, and 22, 2005, as the dates of the alleged violation of his rights in both lawsuits.  He also alleges the same facts in support of his claims.

of the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12101-12117. The plaintiff sues James Buddy Swearengin, Jr., the Building Manager of the Gordon Persons Building; Perry Hopper, the Director of the Alabama Department of Rehabilitation Services, Business Enterprise Program and Ken Green, the Assistant Director of the Alabama Department of Rehabilitation Services, Business Enterprise Program. He seeks damages in the amount of one million dollars from each defendant, as well as the defendants' incarceration for six months.

The defendants filed motions to dismiss, challenging the jurisdiction of the court, arguing that the plaintiff's claims are due to be dismissed because he has failed to exhaust his mandatory administrative remedies. On September 20, 2005, the court held oral argument on the motions to dismiss. On September 21, 2005, the court ordered the Alabama Department of Rehabilitation Services to conduct an evidentiary hearing on this matter and stayed further proceedings pending that hearing. (Doc. # 11). The parties have now submitted the transcript of the hearing, the decision of the administrative law judge, and briefs detailing their positions. Upon consideration of all the pleadings and evidence, as well as the argument of the parties, the court concludes that it does not have subject matter jurisdiction over this matter because the plaintiff has failed to exhaust his administrative remedies.

---

> On the dates listed, the above defendant(s) violated my constitutional rights for equal employment access when they denied me the same access as all other non-handicapped workers to my assigned work area(s), denied me reasonable accommodations as I requested per both state and federal ADA Title I, II, and 504 laws. Then the defendant(s) conspired/corroborated with others defame my character, ruin my good reputation, and take away my right for equal employment and my ability to be self sufficient to provide for myself and my family. Their corroborated actions of defamation of character, slander, libel, intimidation, harassment, threats to my livelihood, and their rush to judgement (sic) immediately cost me my job. With me being elderly and totally blind their actions caused me to be emotionally damaged and distressed to say the least."

(Doc. # 1). However, the plaintiff has since clarified his complaints as the three previously listed.

## STANDARD OF REVIEW

Federal courts are courts of limited jurisdiction. *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994); *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (1994); *Wymbs v. Republican State Executive Committee*, 719 F.2d 1072, 1076 (11th Cir. 1983). As such, federal courts only have the power to hear cases that they have been authorized to hear by the Constitution or the Congress of the United States. *See Kokkonen*, 511 U.S. at 377.

## DISCUSSION

All of the plaintiff's claims arise from his participation in the Randolph-Sheppard Vending Facilities Program, a federal program for blind vendors, administered by the Alabama Department of Rehabilitation Services. *See* 20 U.S.C. § 107, *et seq*. Claims arising out of the Randolph-Sheppard program are governed by federal statute, which sets forth a mandatory dispute resolution process. *See* 20 U.S.C. § 107d-1(a). Specifically, the Randolph-Sheppard Act allows "[a]ny blind licensee who is dissatisfied with any action arising from the operation or administration of the vending facility program to submit . . . a request for a full evidentiary hearing." 20 U.S.C. § 107d-1(a). If a blind vendor requests a hearing, the hearing is mandatory. If the blind licensee is dissatisfied with the results of the evidentiary hearing, he is entitled to arbitration. The blind licensee files a complaint with the Secretary of the United States Department of Education who, in turn, is required to initiate binding arbitration. *Id*. Prior to invoking this court's jurisdiction, the plaintiff must exhaust these mandatory administrative remedies. *See Fillinger v. Cleveland Society for the Blind*, 587 F.2d 336 (6th Cir. 1978).

> Congress' decision to provide administrative and arbitration remedies for aggrieved blind vendors clearly evidences a policy judgment that federal courts

>should not be the tribunal of first resort for the resolution of such grievances. Rather congressional policy as reflected in the 1974 amendments is that blind vendors must exhaust their administrative and arbitration remedies before seeking review in the district courts.

*Id*. at 338. *See also Ala. Dep't of Rehabilitation Servs. v. United States Dep't of Veterans Affairs*, 165 F.Supp.2d 1262, 1269-70 (M.D. Ala. 2001).

The plaintiff is a blind vendor who operates vending machines at the Gordon Persons Building in Montgomery under the auspices of the Alabama Department of Rehabilitation Services. In January 2005, defendant Swearengin requested that the plaintiff and his wife, who serves as his assistant, be removed from the building because, according to Swearengin, "[t]he Scotts are high tempered, as well as unreasonable." On January 31, 2005, defendant Swearengin deactivated and took the plaintiff's electronic swipe key. On February 9, 2005, defendant Dennis notified the plaintiff that his wife would no longer be allowed to assist him. On February 14, 2005, defendant Dennis again informed the plaintiff that his wife could not assist him. Finally, on February 22, 2005, defendant Dennis informed the plaintiff that he and his inventory would be removed from the Gordon Persons Building on February 23, 2005. After numerous letters and several meetings, the parties reached a settlement which allowed the plaintiff to remain at the building, servicing his vending machines and allowed his wife to continue serving as his assistant. They were also provided a permanent electronic swipe card and a designated parking place. The plaintiff returned to work under these conditions on March 2, 2005.

On February 24, 2005, the plaintiff requested an administrative review in accordance with the regulations. *See* ALA. ADMIN. CODE r. 795-7-12-.01. An administrative review was scheduled for March 10, 2005. ALA. ADMIN. CODE r. 795-7-12-.02. However, after the plaintiff

4

returned to servicing his vending machines in the building on March 2, 2005, he declined to attend the administrative review. Consequently, his administrative review was closed.

The plaintiff filed these two lawsuits on July 14, 2005, within minutes of each other. The court heard oral argument on September 20, 2005 on whether the plaintiff has or should be given the opportunity to exhaust his administrative remedies. At oral argument, both parties acknowledged that, although the plaintiff complained to several agencies, an evidentiary hearing had not yet been conducted, nor had mandatory arbitration occurred. Consequently, the court ordered that the plaintiff be given a full evidentiary hearing by the defendants. After a five-hour evidentiary hearing on October 6, 2005, the administrative law judge concluded that "Mr. Scott has failed to exhaust his administrative remedies...." (Not. of Hr'g Off.'s Dec. at 7). It is undisputed that the plaintiff has not appealed this decision nor requested mandatory arbitration as provided for in the regulations.

Despite being advised several times about his need to exhaust his administrative remedies, the plaintiff has failed pursue his administrative remedies. He has not filed a complaint with the Secretary of Education who would be required to convene an arbitration panel. *See* 20 U.S.C. § 107d-1(a). Consequently, this court has no jurisdiction over the plaintiff's claims and this case is due to be dismissed. *See Ala. Dep't of Rehabilitative Servs.*, 165 F.Supp. at 1269 ("Keeping with the federal courts for appeals that have examined this issue and based on congressional intent as expressed through the remedial scheme it established, this court concurs that exhaustion of administrative remedies is required under the Randolph-Sheppard Act.")

## CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that this case be dismissed. It is further ORDERED that the parties shall file any objections to the said Recommendation on or before **February 21, 2006.** Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party objects. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a de novo determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done this 7th day of February, 2006.

/s/Charles S. Coody
CHARLES S. COODY
CHIEF UNITED STATES MAGISTRATE JUDGE