IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| CALVIN SCOTT, SR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO.  2:05cv651-WKW |
| | ) | |
| JAMES (BUDDY) SWEARENGIN, JR., | ) | |
| | ) | |
| Defendants. | ) | |

_____

| | | |
|---|---|---|
| CALVIN SCOTT, SR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO.  2:05cv652-WKW |
| | ) | |
| RAY DENNIS, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**O R D E R**

Previously, the court stayed this action pending the plaintiff's exhaustion of administrative remedies, specifically the completion of arbitration in accordance with the Randolph-Sheppard Vending Facilities Program, a federal program for blind vendors, administered by the Alabama Department of Rehabilitation Services.[1] *See* 20 U.S.C. § 107, *et seq*. On December 5, 2007, the arbitration panel ruled against the plaintiff. On May 9, 2008, the court lifted the stay and referred this action back to the United States Magistrate Judge for further proceedings.

---

[1] The Randolph-Sheppard Act requires binding arbitration.

In accordance with the Administrative Procedures Act, 5 U.S.C. § 706, and the Randolph-Sheppard Act, 20 U.S.C. § 107d-2, this matter is now before the court for review of the arbitration decision.

> An arbitral award under the Randolph-Sheppard Act is reviewed as an agency action under the standards set forth in the Administrative Procedure Act ("APA"), 5 U.S.C. § 706. *See* 20 U.S.C. § 107d-2. Under the APA, agency action may be set aside only if "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with the law." 5 U.S.C. § 706(2)(A); *In re Transcon Lines*, 89 F.3d 559, 563 (9th Cir. 1996).

*Premo v. Martin*, 119 F.3d 764, 768 (9th Cir. 1997). *See also Kentucky, Educ. Cabinet, Dept. for the Blind v. U.S.* 424 F.3d 1222, 1228 (Fed. Cir. 2005) ("Congress provided that arbitration decisions would be reviewed under the standards set forth in the Administrative Procedure Act, i.e., that a court would set aside the arbitration decision only if it was "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law."); *Delaware Dept. of Health and Social Services, Div. for Visually Impaired v. U.S. Dept. of Educ.* 772 F.2d 1123, 1128 (3rd Cir. 1985) ("5 U.S.C. § 706 (1982) permits the reviewing court to set aside agency adjudicative actions which are: arbitrary, capricious, an abuse of discretion or otherwise not in accordance to law, without observance of procedures required by law, or unsupported by substantial evidence."). The court concludes that additional briefs are required. According, it is

ORDERED that, on or before **September 22, 2008**, the parties shall file briefs addressing whether the arbitration decision should be set aside; the parties' briefs should specifically address whether the arbitration decision was "arbitrary, capricious, an abuse of

discretion, or otherwise not in accordance with the law." *Premo, supra*.

Done this 22nd day of August, 2008.

        /s/Charles S. Coody
CHARLES S. COODY
UNITED STATES MAGISTRATE JUDGE